**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
HARRY G. MAHONEY, et al.,               :   CIVIL ACTION NO. 09-3665 (MLC)
                                        :
     Plaintiffs,                        :        O P I N I O N
                                        :
     v.                                 :
                                        :
VEOLIA TRANSPORTATION, INC.,            :
                                        :
     Defendant.                         :
                                        :
```

**THE COURT** ordering the parties to show cause why this action to recover damages for personal injuries ("Injuries") suffered in an accident ("Accident") on a bus operated by the defendant should not be transferred to a different venue pursuant to 28 U.S.C. § ("Section") 1404 (dkt. entry no. 11, Order to Show Cause);[1] and the Court suggesting that the action should have been brought in either the United States District Court for the District of Arizona, where the Accident occurred, or the United States District Court for Eastern District of Pennsylvania, where the plaintiffs live and were treated for the Injuries (id.); and it appearing that the Accident and the Injuries have no connection to New Jersey (id.); and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might

---

[1] The Court has subject matter jurisdiction pursuant to Section 1332.

have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE PLAINTIFFS** opposing a transfer of venue (dkt. entry no. 12, Pl. Resp. at 1-8); and the Court reviewing the plaintiffs' arguments in opposition, and finding them to be without merit, as the action simply has no connection to New Jersey; but

**THE PLAINTIFFS** suggesting in the alternative that if the Court is inclined to transfer venue, then a transfer to the United States District Court for the Western District of Pennsylvania would be more appropriate, as (1) the district court would have personal jurisdiction over the defendant there, whereas personal jurisdiction in the Eastern District of Pennsylvania is uncertain, and (2) that district would be more convenient for the plaintiffs than the District of Arizona, as they and their medical witnesses are Pennsylvania citizens (id. at 5, 8); and it appearing that the Western District of Pennsylvania would have personal jurisdiction over the defendant, see Thomas v. Veolia Transportation, Inc., W.D. Pa. No. 10-221; Teahan v. Veolia Transportation Services Inc., Pa. Ct. Com. Pl., Allegheny County, No. 09-3088; and the defendant filing no papers in opposition to the plaintiff's suggestion to transfer venue to the Western District of Pennsylvania; and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) transfer the action to the Western District of

Pennsylvania; and for good cause appearing, the Court will issue an appropriate order.

                                                                                                       s/ Mary L. Cooper  
                                                                                                       **MARY L. COOPER**  
                                                                                                        United States District Judge

Dated:  March 26, 2010